(No. 83-CC-1720— )

MARY BARTELME HOMES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 22, 1983.*

MCCARTHY & LEVIN, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

The record in this cause indicates that the purpose of the expenditure by the Department of Children and Family Services for which this claim was filed was group home care services provided to children in the custody of the Department of Children and Family Services.

The Department of Children and Family Services has submitted a report on this claim which states that there were no funds remaining in the appropriation out of which this claim should have been paid (appropriation and fund No. 001-41817-4400-06-00), but that there were funds in appropriation and fund No. 001-41817-4400-02-00 which could have been transferred into the 06 fund if the Department had requested that a transfer bill be passed by the General Assembly. No transfer bill was passed, so technically these funds were not available to the Department for the payment of this claim.

Section 30 of "An Act in relation to State finance" (Ill. Rev. Stat. 1981, ch. 127, par. 166) prohibits obligating the State to any indebtedness in excess of the money appropriated for a department, unless expressly authorized by law. Therefore, the only way an award on this

claim may be made is if this expenditure was expressly authorized by law. Previously, expenditures for food and medical care for prisoners have been recognized to be expressly authorized by law. (*Fergus v. Brady* (1917), 277 Ill. 272.) Also the Court has considered this problem in connection with the apprehension and return of fugitives. In those cases, the Court has made awards on the basis that payment was expressly authorized by law.

The children for whom Claimant performed the services for which payment is sought were placed in the custody of the Department of Children and Family Services by order of the Circuit Court of Cook County pursuant to the Juvenile Court Act. (Ill. Rev. Stat. 1981, ch. 37, par. 701—1 *et seq.*) Section 1—12 of the Juvenile Court Act imposes upon the legal custodian of a child the duty to provide him with food, shelter, education and ordinary medical care.

The Court has considered the limitations placed on the Department of Children and Family Services by the General Assembly. It is the function of the General Assembly to control the expenditures of public funds by the various agencies of State government. However, this is a situation very close to that of *Fergus v. Brady*. Here, as in *Fergus v. Brady*, the State agency had custody by court order and was authorized by law to provide basic necessities for the persons in custody, in this instance children.

The invoice for these services was submitted after the close of the fiscal year, but the Department of Children and Family Services was required to pay that invoice out of funds for that prior fiscal year. This situation leads to unique and difficult forecasting problems for the Department of Children and Family Services. The provider of these services should not be

penalized because the Department is unable to accurately forecast specific appropriation fund requirements for each fiscal year. Had the Department been able to properly forecast, sufficient funds would have been available for the payment of this claim.

Because the expenditure here in question was required by law, it is hereby ordered that the Claimant, Mary Bartelme Homes be and is hereby awarded the sum of $7,070.51.